UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY PAUL GIBLIN,

Plaintiff,

v.

ZACHARY BLOOMFIELD, et al.,

Defendants.

Case No. C19-5480 BHS-TLF

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

This matter comes before the Court on plaintiff's filing of a civil rights complaint. Dkt. 5. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 4. In light of the deficiencies in the complaint, the undersigned will not direct service of the complaint at this time. Plaintiff will be provided the opportunity by November 15, 2019 to show cause why the complaint should not be dismissed or file an amended complaint.

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies in his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,

1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff alleges that in 2016 he was involved in a road rage incident wherein he was assaulted and fled the scene in fear of his own safety and the safety of his son. Dkt. 5 at p. 3. The complaint states that during this incident, as plaintiff was fleeing, one of the alleged assailants was injured resulting in the amputation of the person's lower leg. *Id*. As a result of this incident plaintiff was convicted "of acting with intent to commit First Degree Assault as a hate crime." *Id*.

Plaintiff alleges that he was wrongfully convicted. *Id*. Plaintiff contends that the facts and eyewitness testimony do not support the conviction. *Id*. Plaintiff further alleges that the State attained a false conviction against plaintiff by purposefully altering evidence, fabricating evidence and concealing exculpatory evidence. *Id*.

I.      42 U.S.C. § 1983

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by person acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092

(9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Plaintiff's complaint fails to state a cause of action under Section 1983. Plaintiff's complaint relies on vague and conclusory allegations of wrongdoing without providing factual allegations supporting these claims. Dkt. 5 at p. 3-4. Plaintiff's complaint alleges that the "State" altered evidence, fabricated evidence and concealed evidence. *Id*. Plaintiff's complaint also identifies evidence that was allegedly altered or fabricated. *Id*. However, plaintiff does not identify a specific person who purportedly altered the evidence; nor does plaintiff describe any acts or omissions, or causation -- i.e., how any state official's actions (or failure to act) deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Plaintiff also fails to identify any person who acted under color of state law to violate plaintiff's federally protected rights.

II. Improper Defendant

For purposes of Section 1983, neither a state nor its officials acting in their official capacities constitute a "person." *Will v. Michigan*, 491 U.S. 58, 64 (1989). Additionally, the Eleventh Amendment of the United States Constitution prohibits a private citizen from suing a state government in federal court without the state's consent. *See, Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). Therefore, neither the state nor an official acting in their official capacity can be sued for damages pursuant to Section 1983.

Plaintiff's complaint vaguely alleges that the "State" violated his federally protected rights. To the extent that plaintiff is naming the state of Washington as a defendant in this

Section 1983 action, the state of Washington is both an improper defendant under Section 1983 and immune from plaintiff's claims under the Eleventh Amendment. To state a cause of action under Section 1983 plaintiff must name specific individuals (acting under color of state law) as defendants and must allege specific facts to show which individual acted or failed to act, and facts that would show that the act(s) or omission(s) caused harm to the plaintiff that is allegedly a violation of a specific constitutional right.

### III. Heck Barred

When a person confined by the government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "[T]o recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In order to state a Section 1983 claim that would necessarily invalidate a prisoner's confinement or its duration, the plaintiff must establish that the sentence or conviction was invalidated *before* plaintiff filed the Section 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Plaintiff's complaint expressly states that "[t]he relief sought via this suit is NOT restoration of Plaintiff's Liberty, but rather restitution of damages incurred as a result of State

purposefully altering the scene of the incident and concealing the presences of government funded public recordings of the incident that proves the truth of the events on 9.10.16 and the innocence of the Plaintiff." Dkt. 5 at p. 3. Additionally, plaintiff alleges that he was "falsely convicted." *Id*. Accordingly, it appears from plaintiff's allegations that the allegations in his complaint necessarily involve a challenge to the validity of his conviction. Plaintiff's complaint is also alleging "harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486-87. Accordingly, it appears that plaintiff's complaint is barred by *Heck* unless plaintiff can show that his conviction has been reversed, expunged, or otherwise invalidated prior to filing this action. Plaintiff has made no such allegations in his complaint.

For the foregoing reasons, plaintiff's complaint indicates that his claims are barred by *Heck*.

## Conclusion

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, on or before **November 15, 2019**. If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this

action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis,* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* information sheet.

Dated this 28th day of October, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge