UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY PAUL GIBLIN,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>ZACHARY BLOOMFIELD, et al.,<br><br>　　　　　　　　　Defendants. | Case No. C19-5480 BHS-TLF<br><br>REPORT AND RECOMMENDATION |

This matter has been referred to Magistrate Judge Theresa Fricke. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 3 and 4. On May 29, 2019 plaintiff filed this action alleging violations of his constitutionally protected rights. Dkt. 1. The Court granted plaintiff's application to proceed *in forma pauperis.* Dkt. 4. In light of the deficiencies in plaintiff's complaint, the Court ordered plaintiff to show cause why the complaint should not be dismissed or file an amended complaint. Dkt. 6. Plaintiff filed a response arguing that the complaint was not deficient and should be served without amendment. Dkt. 7. For the reasons set forth below, plaintiff's complaint (Dkt. 5) remains fatally deficient, and therefore the Court should dismiss plaintiff's complaint without prejudice.

REPORT AND RECOMMENDATION - 1

Factual Background

A. Plaintiff's Complaint

Plaintiff's complaint states that in 2016 he was involved in a road rage incident with two individuals who are not parties to this action. Dkt. 5 at 3. Plaintiff states that he was assaulted by one of the individuals and fled the scene in fear of his own safety and the safety of his son. *Id.* at 3. During the incident, as plaintiff was fleeing, one of the alleged assailants was injured resulting in the amputation of the person's lower leg. *Id.* Plaintiff's complaint alleges that as a result of the incident, "[p]laintiff was subsequently convicted of acting with intent to commit First Degree Assault as a hate crime despite no facts supporting the charge of intent or malice." *Id.* Plaintiff also alleges that the witness testimony refuted the allegations against plaintiff. *Id.*

Plaintiff clarifies that he is not seeking habeas corpus relief and is instead seeking damages because the "State" purportedly altered, concealed and fabricated evidence. *Id.* The complaint identifies photos included in the "Haner Report" and "Bloomfield Report" which were purportedly falsified and fabricated. *Id.* at 3-4. Plaintiff alleges that these altered and fabricated photos amount to "criminal fraud." *Id.* at 4.

B. Plaintiff's Response to Order to Show Cause

The Court ordered plaintiff to show cause why the complaint should not be dismissed or file an amended complaint. Dkt. 6. The Court's order informed plaintiff that the complaint was deficient because plaintiff did not identify the individual state officials acting under color of state law that purportedly violated plaintiff's rights, privileges, or immunities secured by the Constitution or laws of the United States. *Id.* The Order also informed the plaintiff that the state of Washington is an improper defendant for purposes

1  of a cause of action under 42 U.S.C. § 1983. Finally, the Order informed plaintiff that
2  based on plaintiff's allegations in the complaint, the claims were barred by *Heck v.*
3  *Humphrey*, 512 U.S. 477, 486-87 (1994). *Id*. at 4-5.
4      Plaintiff filed a response addressing the Court's Order to Show Cause and
5  arguing that the complaint should be served without amendment. Dkt. 7. First, plaintiff
6  informs the Court that he intends to bring the complaint pursuant to 18 U.S.C. §§ 3, 4
7  and not under 42 U.S.C. § 1983. *Id*. at 1. Plaintiff's response also states that although
8  the complaint is not brought under 42 U.S.C. § 1983, the complaint still meets the
9  Section 1983 elements because it alleged, "conduct was committed by a person(s)
10 acting under color of State law," and "that conduct deprived Plaintiff the right to Due
11 Process guaranteed by the U.S. Const., amend. IV as the right to not be prejudiced by
12 fabricated evidence." *Id*. at 1. Next, plaintiff alleges that the complaint should be served
13 because it is supported by evidence which "cannot, legally or sensibly, be denied or
14 ignored." *Id*. at 2. Finally, plaintiff argues that his claims cannot be *Heck* barred because
15 he is seeking damages and is not challenging his imprisonment. *Id*.

16 <u>Discussion</u>

17     The Court must dismiss the complaint of an individual proceeding *in forma*
18 *pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or
19 malicious"; (b) "fails to state a claim on which relief may be granted" or (c) "seeks
20 monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
21 1915(e)(2); 28 U.S.C. §1915A(a), (b).
22     When a plaintiff appears pro se in a civil right case, "the court must construe the
23 pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v.*

REPORT AND RECOMMENDATION - 3

*Los Angeles Police Dep't,* 839 F.2d 621, 624 (1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

A. <u>18 U.S.C. § 3 and 18 U.S.C. § 4</u>

Plaintiff informs the Court that the basis for plaintiff's complaint are 18 U.S.C. § 3 and 18 U.S.C. § 4, not 42 U.S.C. § 1983.

A private right of action does not exist for all injuries caused by violations of the criminal code. *Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190 (1994) (noting that courts have been "quite reluctant to infer a private right of action from a criminal prohibition alone."). Unless "congressional intent can be inferred from the language of the statute, the statutory structure, or some other source" the Court will not imply a private remedy for the federal statute. *Thompson v. Thompson*, 484 U.S. 174, 179 (1988).

18 U.S.C. § 3 is a criminal statute for accessory after the fact to a federal offense. 18 U.S.C. § 4 is a criminal statute for misprision of a felony. The language of these criminal statutes does not provide an express private right of action. Additionally, nothing in the language of the statutes implies or suggests a congressional intent to create a private right of action for these criminal statutes. Finally, plaintiff has not provided any authority for the proposition that 18 U.S.C. § 3 or 18 U.S.C. § 4 provide for a private right of action, and the Court is not aware of any such authority.

1    Accordingly, because 18 U.S.C. § 3 and 18 U.S.C. § 4 do not create a private
2 right of action, plaintiff's complaint cannot state a cause of action for the purported
3 violations of these criminal statutes.

4    B.  Heck Barr

5    Plaintiff argues that the complaint cannot be barred by the doctrine set out in
6 *Heck v. Humphrey,* because plaintiff is not challenging the validity of his imprisonment
7 and is instead seeking damages for wrongful conduct.

8    In *Heck v. Humphrey,* the United States Supreme Court held that "to recover
9 damages for an alleged unconstitutional conviction or imprisonment, or for other harm
10 caused by actions whose unlawfulness would render a conviction or sentence invalid, a
11 § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct
12 appeal, expunged by executive order, declared invalid by a state tribunal authorized to
13 make such determination, or called into question by a federal court's issuance of writ of
14 habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).
15 Although the Court in *Heck* analyzed claims raised pursuant to 42 U.S.C. § 1983, a
16 complaint is *Heck* barred regardless of the statutory basis alleged, if success in the suit
17 would challenge the validity of a conviction that has not been previously invalidated.
18 *See, Erlin v. United States*, 364 F.3d 1127, 1131 (9th Cir. 2004). Similarly, claims are
19 *Heck* barred (absent prior invalidation) – regardless of the relief sought, if success in the
20 action would necessarily invalidate a conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-
21 82 (2005).

22    The purpose of the doctrine set forth in *Heck* is to avoid the possibility of
23 conflicting civil and criminal judgments, and to prevent collateral attacks on a criminal

24

25

REPORT AND RECOMMENDATION - 5

judgment through the use of civil tort actions. *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019). The United States Supreme Court has stated that civil claims asserting "that fabricated evidence was used to pursue a criminal judgment, implicates the same concerns." *McDonough*, 139 S. Ct. at 2157. Considering these policy concerns, the Supreme Court has adopted the rule set forth in *Heck* for fabricated evidence claims, holding that there is no cause of action for fabricated evidence claims until the criminal proceedings terminate in defendant's favor or a resulting conviction has been invalidated within the meaning of *Heck*. *McDonough*, 139 S. Ct. at 2158.

  Plaintiff states that he is not seeking release from his current incarceration and is not directly challenging the validity of his conviction. However, plaintiff is alleging that the State altered, fabricated and concealed evidence in order to obtain a false conviction. Plaintiff is alleging that the State's purported misconduct led to his current conviction and that the evidence is unsupportive of his conviction. Accordingly, success in this action would necessarily invalidate the evidence used to convict plaintiff and invalidate his conviction.

  Additionally, as the Court explained in *McDonough v. Smith*, plaintiff cannot bring an action alleging that his conviction is based on fabricated evidence until the resulting conviction has been invalidated. 139 S. Ct. at 2158. Therefore, regardless of the statutory basis alleged or the relief sought, plaintiff's claims are *Heck* barred unless plaintiff can demonstrate that his conviction has previously been invalidated.

  For these reasons, the Court should find that plaintiff's claims are barred by *Heck*, unless plaintiff can demonstrate that his conviction has previously been invalidated.

REPORT AND RECOMMENDATION - 6

However, as the Court noted in *McDonough*, the statute of limitations for plaintiff to bring his fabricated evidence claim does not begin to run until the current conviction is invalidated. 139 S. Ct. at 2158. Accordingly, plaintiff's claims should be dismissed without prejudice. If plaintiff is able to invalidate his current conviction within the meaning of *Heck,* plaintiff would be able to raise a fabricated evidence claim under 42 U.S.C. § 1983.

## Conclusion

Plaintiff has already been granted the opportunity to show cause why plaintiff's complaint should not be dismissed. However, plaintiff has failed to cure the defects identified in the order to show cause. Additionally, the factual allegations in the complaint indicate that plaintiff's claims are barred by the Heck Doctrine.

Accordingly, the undersigned recommends that plaintiff's complaint be DISMISSED. Plaintiff shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on August 7, 2020.

Dated this 15th day of July, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7